IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>LEVIDION, INC. d/ba/ BARNHOUSE RESTAURANT )<br>)<br>Defendant. ) | CIVIL ACTION NO.<br><br>COMPLAINT<br><br>JURY TRIAL DEMAND |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII"), and Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a, to correct unlawful employment practices on the basis of sex and retaliation and to provide appropriate relief to Jessica Carpenter and a class of female employees who were adversely affected by such practices. Plaintiff U.S. Equal Employment Opportunity Commission (the "EEOC" or "Commission") alleges that Defendant Levidion, Inc. d/b/a/ Barnhouse Restaurant ("Defendant" or "Levidion") discriminated against Carpenter and a class of female employees by subjecting them to harassment because of their sex, constructive discharge because of their sex, and/or retaliating against them for complaining about sexual harassment.

## JURISDICTION AND VENUE

1. Jurisdiction of this court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3), and

1

Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a.

2.   The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Central District of Illinois, Rock Island Division.

## PARTIES

3.   Plaintiff, the Equal Employment Opportunity Commission, is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3).

4.   At all relevant times, Defendant Levidion has continuously been and is now doing business in the State of Illinois, Henry County, and has continuously had at least fifteen (15) employees.

5.   At all relevant times, Defendant Levidion has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. § 2000e-(b), (g) and (h).

## STATEMENT OF CLAIMS

6.   More than thirty days prior to the institution of this lawsuit, Jessica Carpenter filed a charge with the Commission alleging violations of Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

7.   Since at least 2005, Defendant has engaged in unlawful employment practices in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1). Such unlawful employment practices include, but are not limited to:

     a.    subjecting Carpenter and a class of female employees to harassment because of their sex, in continuing violation of Section 703(a)(1), 42 U.S.C. § 2000e-2(a)(1), including but not limited to, by subjecting them to derogatory comments and epithets, sexual comments, sexual propositions, and/or inappropriate touching; and

     b.    constructively discharging Carpenter and a class of female employees because of their sex, in violation of Section 703(a)(1), 42 U.S.C. § 2000e-2(a)(1).

8.    Since at least 2005, Defendant has engaged in unlawful employment practices in violation of Section 704(a) of Title VII, 42 U.S.C. § 2000e-3(a). Such unlawful employment practices include, but are not limited to, retaliating against a class of female employees because they complained about or otherwise opposed sexual harassment.

9.    The unlawful employment practices complained of in paragraphs seven (7) and eight (8) above were intentional.

10.    The unlawful employment practices complained of in paragraphs seven (7) and (8) above were done with malice or with reckless indifference to the federally protected rights of Carpenter and a class of female employees.

### PRAYER FOR RELIEF

WHEREFORE, the Commission respectfully requests that this Court:

A.    Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of sex;

B.  Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it from retaliating against any employee for opposing any practice made unlawful by Title VII or for filing a charge, testifying, assisting, or participating in any manner in any investigation, proceeding, or hearing under Title VII.

C.  Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for its employees regardless of sex and regardless of their opposition to practices made unlawful under Title VII, and which eradicate the effects of its past and present unlawful employment practices;

D.  Order Defendant to make whole Carpenter and a class of female employees by providing appropriate back pay with pre-judgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices;

E.  Order Defendant to make whole Carpenter and a class of female employees by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, in amounts to be determined at trial;

F.  Order Defendant to make whole Carpenter and a class of female employees by providing compensation for past and future non-pecuniary losses, including, but not limited to, emotional pain, suffering, inconvenience, loss of enjoyment of life and humiliation, in amounts to be determined at trial;

G.  Order Defendant to pay Carpenter and a class of female employees punitive damages for its malicious and/or reckless conduct described above, in amounts to be determined

at trial;

    H.    Grant such further relief as the Court deems necessary and proper in the public interest; and

    I.    Award the Commission its costs in this action.

### JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,

P. DAVID LOPEZ
General Counsel

JAMES LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
131 M Street, NE
Washington, D.C. 20507

/s/ John C. Hendrickson
John C. Hendrickson
Regional Attorney

/s/ Diane I. Smason
Diane I. Smason
Supervisory Trial Attorney

/s/ Ann M. Henry
Ann M. Henry
Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY
 COMMISSION
500 West Madison Street
Suite 2000
Chicago, Illinois 60661
(312) 353-8558